11-3293-cr
United States v. Madero

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT: RALPH K. WINTER,
            ROBERT D. SACK,
            REENA RAGGI,
               *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

         v.                             No. 11-3293-cr

ORLANDO MADERO, a.k.a. Juan Perez, a.k.a. Rogelio Jose Diaz, a.k.a. Javier Victor Santos, a.k.a. Jose Rolando Reyes, a.k.a. Rene Rolando Maldonado, a.k.a. Angel H. Torres, a.k.a. Javier Jose Santos,
               *Defendant-Appellant*.

-----------------------------------------------------------------------

FOR APPELLANT:      Daniel M. Perez, Esq., Newton, New Jersey.

FOR APPELLEE:       Harris Fischman (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 3, 2011, is AFFIRMED.

Orlando Madero, who was convicted in 2007 of bank fraud, and whose supervised release in that case was revoked based on his 2009 commission of bank fraud, appeals the sentence imposed on revocation—27 months' imprisonment followed by a two-year term of supervised release—as substantively unreasonable. In the absence of procedural error, we will identify a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible" sentences. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). This is not such a case.

Record evidence amply supports the district court's determination that a significant prison sentence beyond the 12-to-18-month range recommended in U.S.S.G. § 7B1.4 (policy statement) was warranted in Madero's case. Madero's extensive criminal history included three federal convictions for fraud crimes, two of which he committed while serving terms of supervised release, as well as a separate violation of supervised release based on his failure to pay restitution and to report to the Probation Department. This emphatically demonstrated Madero's inability to conform his conduct to law and his total disregard for the district court's supervision, circumstances that establish the substantive reasonableness of a 27-

2

month prison term for his latest criminal violation of supervision. Nor do we identify any abuse of discretion in the district court's decision not to accord significant mitigating weight to Madero's health problems, claimed acceptance of responsibility, or professed intent to lead a law-abiding life. The district court, which had the advantage of dealing directly with Madero over the years, see United States v. Jones, 531 F.3d 163, 171 (2d Cir. 2008) (recognizing that district courts "gain insights not conveyed by the record" through direct interaction with defendants (internal quotation marks and brackets omitted)), concluded that there was "little reason for [it] to trust what" Madero had said in his sentencing statement, Revocation Hr'g Tr. at 20:25–21:1. That credibility assessment was only reinforced by the fact that Madero had jumped bail after the Probation Department initiated the instant revocation proceedings, and had eluded capture for nearly a year after the district court issued a bench warrant for his arrest. On this record, we identify no abuse of discretion in how the district court weighed the relevant factors in revoking Madero's supervised release and sentencing him to a 27-month term of imprisonment. See 18 U.S.C. § 3583(e); United States v. Cavera, 550 F.3d at 191 (holding that weight determinations are generally left to district court). We reject the substantive reasonableness challenge as meritless.

We have considered Madero's remaining arguments on appeal and conclude that they are also without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3